# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BLONG X., | Case No. 26-cv-407 (LMP/DJF) |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION** |
| KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; IMMIGRATION AND CUSTOMS ENFORCEMENT; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

Cameron Giebink, **Wilson Law Group, Minneapolis, MN**, for Petitioner.

Mathew Isihara, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Blong X. was born in a refugee camp in Thailand as the child of Laotian (or Lao) parents, making him a citizen of Laos and a national of Thailand. ECF No. 1 ¶ 27; ECF No. 6 ¶ 4. An immigration judge ordered him removed to Laos in 2011, ECF No. 6 ¶ 8, but he was released from custody in 2013 because his removal to Laos could not be secured, ECF No. 1 ¶ 33. He was released pursuant to an order of supervision. ECF No. 6 ¶ 10. Blong X. has complied with the order of supervision since his release. ECF No. 1 ¶ 35.

On January 16, 2026, Immigration and Customs Enforcement (ICE) encountered Blong X. in Minnesota and took him into custody. ECF No. 12 ¶ 4. On January 17, 2026, Blong X. brought a writ of habeas corpus, alleging that his detention by Respondents (the "Government") violates due process and federal regulations governing the revocation of an order of supervision. ECF No. 1 ¶¶ 98–139. Relevant here, Blong X. asserted that the Government failed to adhere to its own regulations when it revoked his order of supervision. *Id.* ¶¶ 104–21. The Court ordered the Government to answer the petition no later than January 26, 2026. ECF No. 3.

The Government timely answered the petition on January 26, 2026. ECF No. 5. The Government's initial response focused primarily on Blong X.'s due process claim, arguing that the claim is premature because he has not been detained for at least six months. ECF No. 5 at 9–15; *see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that a six-month period of detention is a "presumptively reasonable" pre-removal period of detention). It also argued that Blong X.'s regulatory claims lacked merit because it had followed all necessary regulations and had a lawful basis to keep Blong X. detained. *See generally* ECF No. 5; ECF No. 6 ¶¶ 15–16. Blong X. replied and argued that the Government had not presented sufficient evidence that: (1) it had complied with its own regulations in revoking Blong X.'s order of supervision, ECF No. 7 at 6–7, 14–18; or (2) that Blong X. was likely to be removed in the foreseeable future, *id.* at 7–14.

After considering both arguments, the Court desired "additional information and briefing" and ordered the Government "to file exhibits, declarations, or other evidence" establishing, as relevant here, whether the Government "provided Blong X. with notice of

2

the reasons for revoking his order of supervision and an interview that afforded him an opportunity to respond to the stated reasons." ECF No. 8 at 1–2.

The Government accordingly filed an additional brief and declaration that provides new information that was missing from its original response. ECF Nos. 11, 12. For instance, the Government now informs the Court that on January 21, 2026, five days after Blong X. was arrested and four days after he filed his habeas petition, ICE formally revoked Blong X.'s order of supervision. ECF No. 12 ¶ 5. It further asserts that Blong X. was "afforded the opportunity to respond to the reasons for the revocation." *Id.* But it does not provide the notice of revocation or any factual detail about what the notice of revocation contained. *Id.*

Blong X. replied and continues to assert that the Government has not met its burden, first, to show compliance with its own regulations when revoking Blong X.'s order of supervision and, second, to show that he is likely to be removed in the foreseeable future. *See generally* ECF No. 13. Blong X. wins on the first argument, so the Court need not even reach Blong X.'s second. Indeed, the Court has already explained that 8 C.F.R. § 241.13(i)(3) "require[s] that when a noncitizen is notified of a release revocation, the 'reasons' for that revocation must be stated in the notification," and further requires that ICE must "conduct an initial informal interview promptly after [the noncitizen's] return to [ICE] custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." *Roble v. Bondi*, 803 F. Supp. 3d 766, 771 (D. Minn. 2025) (quotation omitted). The Court has further explained that, when the Government provides a noncitizen with the "reasons" for the revocation, it may not simply parrot "the

3

regulatory text governing re-detention" but that the notice must contain some individualized determination. *Id.*

As a result, the Government must show that it gave Blong X. "adequate notification of the reasons for the revocation of his release," and that it provided him an interview during which he could respond to those reasons. *Roble*, 2025 WL 2443453, at *3–4. But, here, the Government shows neither. No exhibits were provided to the Court. The sole evidence that it relies on to suggest compliance with 8 C.F.R. § 241.13 is the sworn declaration of a deportation officer stating that ICE revoked Blong X.'s order of supervision and that Blong X. "was afforded the opportunity to respond to the reasons for the revocation." ECF No. 12 ¶ 5. This does not show that the Government provided Blong X. with any notification—let alone the required, individualized notification explaining the reasons for the Government's decision. As a result, even if Blong X. was provided with some unspecified "opportunity to respond," the Court cannot conclude that the opportunity was in any way meaningful. *See Roble*, 2025 WL 2443453, at *3 (noting that a non-citizen "cannot be expected to 'respond to the reasons for revocation stated in the notification' if the notification does not actually state any reasons for revocation").

The Government appears to acknowledge that it did not follow 8 C.F.R. § 241.13 when it revoked Blong X.'s order of supervision, as it "concedes that this opportunity may have not perfectly aligned with the procedures [X.] asserts." ECF No. 11 at 5. The Government argues that the remedy for any failure is not release, but instead for the Court to remand to "the agency to correct any deficiencies." *Id.* But this Court, and others in this District, have already concluded that the remedy for a Section 241.13 violation is

4

release. *See Roble*, 2025 WL 2443453, at *3; *Sarail A. v. Bondi*, No. 25-cv-2144 (ECT/JFD), 2025 WL 2533673 at *6–8 (D. Minn. Sept. 3, 2025); *Yee S. v. Bondi*, No. 25-cv-02782 (JMB/DLM), 2025 WL 2879479, at *6 (D. Minn. Oct. 9, 2025) ("Petitioner has shown that ICE's re-detention of him . . . violated the law because ICE did not comply with its own regulations under section 241.13(i)(2). Petitioner must be released immediately."). The Court will not depart from its prior reasoning. Accordingly, because the Government violated its own regulations when it detained Blong X. without providing adequate notification of the reasons for his detention and an opportunity to respond, Blong X. is entitled to release.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Blong X.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**.

2. The Government is **ORDERED** to release Blong X. from custody by no later than 12:00 p.m. on Tuesday, February 17, 2026, subject to and in accordance with the conditions in his preexisting Order of Supervision.

3. No later than 12:00 p.m. on February 18, 2026, the Government shall provide the Court with a status update concerning Blong X.'s release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 13, 2026           *s/ Laura M. Provinzino*
                                   Laura M. Provinzino
                                   United States District Judge